IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LUIS SALAZAR,                                )  <br>            Plaintiff,             )  <br> vs.                                                )         No.  3:04-CV-2532-K  <br>                                                    )  <br> MAIN POST OFFICE LAREDO, TEXAS,  )  <br>            Defendant.                     ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

On November 24, 2004, the Court received a civil complaint from plaintiff. Plaintiff therein complains that postal employees took a $500 ring and payment for a "PO Box" that they refuse to "set up." (*See* Compl. at 1, Answer to Question 1 of Magistrate Judge's Questionnaire (MJQ).) He names the "Main Post Office Laredo, Texas" (Post Office) as the sole defendant in his complaint. (Compl. at 1; Answers to Questions 2 and 3 of MJQ.) Prior to filing this action in federal court, plaintiff tried to resolve his dispute with the Post Office by calling the Post Office headquarters and complaining. (*See* Answer to Question 4 of MJQ.) He was informed that the matter would be investigated. (*Id.*) The Court has granted plaintiff permission to proceed *in forma pauperis* in this action. No process has been issued in this case.

### II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian*

*Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

In this instance, plaintiff asserts no federal statutory or constitutional basis for this suit against the Post Office. Nevertheless, liberally construing plaintiff's *pro se* complaint, it appears that plaintiff attempts to raise claims under the Federal Tort Claims Act (FTCA). However, to successfully sue under the FTCA, "a plaintiff must name the United States as the sole defendant." *McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998). More importantly, for purposes of jurisdiction, plaintiff must exhaust his administrative remedies under the FTCA before filing suit.

"Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under the Tort Claims Act, and absent compliance with the statute's requirement [a] district court [is] without jurisdiction." *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222-23 (5th Cir. 1989). Section 2675(a) of Title 28 of the United States Code provides, in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

In this instance, plaintiff has not alleged that he has exhausted administrative remedies in compliance with § 2675(a). Moreover, his answer to Question 4 of the MJQ shows that he has not exhausted such administrative remedies. Consequently, the Court does not have jurisdiction over this action to the extent it can be construed as arising under the FTCA. The Court notes that

2

neither the complaint nor the answers to the MJQ suggest any other basis for federal jurisdiction.

Courts have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). The Court may *sua sponte* raise the jurisdictional issue at any time. *Id.*; *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999). Fed. R. Civ. P. 12(h)(3) requires that federal courts dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter." Because it appears that the Court lacks subject matter jurisdiction, this action should be dismissed.

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court **DISMISS** plaintiff's complaint for lack of subject matter jurisdiction.

**SIGNED this 13th day of May, 2005.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

 

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE